IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

FATHERS AND DAUGHTERS NEVADA, LLC )
)
    Plaintiff, )
)
v. ) Case No.: 4:16-CV-10785
)
SHAHID SULAHRIA, )
)
    Defendant. )

## **MOTION TO DISMISS**

Now Comes the Defendant, Shahid Sulahria ("Defendant"), through undersigned counsel, and files this Motion to Dismiss requesting from the Court an order dismissing the Defendant for lack of personal jurisdiction and/or in the alternative, an Order Severing and Dismissing the Defendant for Improper Joinder pursuant to Rule 12(b)(2) and/ or 20(a)(2) of the Federal Rules of Civil Procedure. In support of this motion, Defendant states as follows:

1. The Defendant is a resident of Utah. (Amended Complaint, ECF Doc 11 pg. 6).

2. The Plaintiff Fathers and Daughters Nevada LLC ("Plaintiff") alleges the Defendant used a BitTorrent program to infringe its copyrighted work.

3. The Plaintiff originally asserted the Defendant's IP address (John Doe 11) was traced to Sterling Heights, Michigan. (ECF Doc 1-2, pg. 2)

4. However, the Internet Service Provider associated the IP address for John Doe 11 to the Defendant's domicile in West Vallye City, Utah. (ECF Doc 11 pg. 6).

1

5. In the Amended Complaint, the Plaintiff claims this Court has personal jurisdiction over the Defendant under subsection two of Michigan's long arm statute because he allegedly filed shared Plaintiff's copyrighted content with residents of Michigan. (ECF Doc 11 pg. 4).

6. For the reasons fully set forth in the accompanying Brief in Support of his Motion to Dismiss, the Plaintiff's allegations (which Defendant denies) that the Defendant used a BitTorrent program fails to establish that Defendant committed any conduct in Michigan or that he committed any conduct with residents of Michigan.

7. As described fully in the accompanying Brief, BitTorrent programs work by connecting devices randomly and for short periods of time to multiple other devices. Given the random, brief connections between devices using a BitTorrent program, the Plaintiff cannot establish that the Defendant engaged in any conduct that purposefully availed him to Michigan. Further, the Plaintiff does not identify all of the devices Defendant allegedly connected to, where those devices were located or how long the connection lasted between devices.

8. Therefore, Plaintiff failed to establish that jurisdiction is proper under the Michigan long-arm statute or the Due Process clause.

9. Additionally, joinder of the defendants under Rule 20(a)(2) of the Federal Rules of Civil Procedure is improper because the Plaintiff failed to establish that the defendants

were involved in a common series of transactions.

10. The Plaintiff alleges the original 18 IP address account holders committed copyright infringement through a BitTorrent program at 18 distinct times.

11. The Plaintiff did not identify who the defendants allegedly connected to during the BitTorrent swarm, how long those parties were connected and where all of the alleged participants of the swarm resided.

12. Due to the dynamic, random way devices are continually connected and disconnected with one another using BitTorrent programs, the Plaintiff failed to establish that the defendants interacted with one another or acted in concert.

13. Based on the reasons set forth fully in the accompanying Brief in Support, the Defendant respectfully requests this Court Dismiss the Defendant for lack of personal jurisdiction and/ or in the alternative, Dismiss and Sever the Defendant for Impermissive Joinder.

                        Respectfully submitted,

                        By:    /s/Jeffrey Antonelli
                               Jeffrey Antonelli
                               Antonelli Law Ltd.
                               35 E. Wacker Dr., Ste 1875
                               Chicago, IL 60601
                               Ph. 312-201-8310
                               Email: jeffrey@antonelli-law.com
                               Attorney for Defendant Shahid Sulahria

**CERTIFICATE OF SERVICE**

I hereby certify that on June 28, 2016, I electronically filed the foregoing *Motion to Dismiss* with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

    Barry C. Kane
    Kane & Co., PLC
    29 Pearl St., N.W.
    410 Federal Square Bldg.
    Grand Rapids, MI 49503
    Email: bkane@kaneplc.com

By:   /s/Jeffrey Antonelli
    Jeffrey Antonelli
    Antonelli Law Ltd.
    35 E. Wacker Dr., Ste 1875
    Chicago, IL 60601
    Ph. 312-201-8310
    Email: jeffrey@antonelli-law.com
    Attorney for Defendant Shahid Sulahria